UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:02-CR-49-KAC-DCP |
| | ) | |
| NATHANIEL SCOTT ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION

Defendant Nathaniel Scott Robinson filed a "Motion for Sentence Reduction Pursuant to Amendment 706 & 750," [Doc. 155], asking the Court to "reduce his sentence" "by two (2) levels" "pursuant to 18 U.S.C. § 3582(c)(2)," [*id.* at 1]. The United States opposes his motion [Doc. 116]. Because Defendant is not eligible for a reduction in his sentence, the Court denies his motion.

**I.  Background**

On April 30, 2002, a Grand Jury charged Defendant with distributing five (5) grams or more of a mixture and substance containing cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) [Doc. 10]. On May 12, 2003, Defendant pled guilty [Doc. 67]. Because of the nature of the instant offense and Defendant's prior convictions, Defendant was classified as a career offender under Guidelines Section 4B1.1 [Presentence Investigation Report ("PSR") ¶ 22].[1] Defendant's status as a career offender established a total offense level of thirty-seven (37), exceeding the offense level that would have otherwise been attributable to him under Guidelines Section 2D1.1 based solely on the quantity of cocaine base

---

[1] The PSR in this case was not docketed, but it is on file with the Court.

1

for which he was responsible [*Id.* ¶ 16]. On November 25, 2003, the Court sentenced Defendant to 193 months' imprisonment and an eight-year (8-year) term of supervised release [Doc. 78]. While incarcerated on the instant offense, Defendant filed a "Motion for Reduction of Sentence Based on Retroactive Guideline Amendment" [Doc. 90], requesting that the Court modify his sentence because of the Sentencing Commission's retroactive amendment to the cocaine base guidelines. On January 13, 2010, the Court denied Defendant's motion because the cited amendment "does not lower the defendant's applicable guideline range" "because of his career offender status" [Doc. 92 at 2]. Defendant completed his custodial sentence on August 24, 2015, and he then began his eight-year (8-year) term of supervised release [*See* Doc. 98, *sealed].

On February 10, 2022, the Court revoked Defendant's term of supervised release after Defendant admitted that he was convicted of statutory rape while under supervision [*See* Docs. 98 at 3, *sealed; 108 at 1]. After calculating an advisory guideline range of twenty-one (21) to twenty-seven (27) months' imprisonment under Guideline Section 7B1.4, the Court sentenced Defendant to twenty-one (21) months' imprisonment with no supervised release to follow [Doc. 108 at 1-2]. The Bureau of Prisons (BOP) expects Defendant to complete his current term of imprisonment on October 14, 2023. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 20, 2023).

On August 11, 2022, Defendant filed the instant motion, requesting that the Court "reduce his sentence" "based on the retroactive and clarifying Amendment 706 & 750" under 18 U.S.C. § 3582(c)(2) [Doc. 115 at 1]. Defendant asserts that the amendments, which became effective in 2008 and 2011, respectively, "appl[y] to [his] case and relief under [the] amendments [is] warranted" [*Id.*]. The United States opposes Defendant's motion, asserting that Defendant

2

"has not satisfied the plain language of" Section 3582(c)(2) because "the cited amendments would not have reduced the career-offender guideline range applicable" to Defendant [Doc. 116 at 1-2].

II. **Analysis**

Generally, the court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(2) allows the Court to reduce a prison sentence for a defendant:

> [W]ho has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after [the Court] consider[s] the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The statute "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). The Court "must first determine that the defendant is eligible for a reduction in his sentence." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *Dillon*, 560 U.S. at 826). A defendant is eligible where (1) he "was sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Commission" and (2) "the reduction is consistent with the Commission's applicable policy statements." *Id.* (quoting *United States v. Williams*, 512 F. App'x 594, 597 (6th Cir. 2013)). The Sentencing Commission's policy statements provide that a reduction is not warranted if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Court's analysis of the Section 3553(a) factors "is appropriate only at the second step of this circumscribed inquiry." *Dillon*, 560 U.S. at 827.

Here, Defendant is not eligible for a reduction in his sentence. As the Court previously determined in its January 13, 2010 Order, Defendant's status as a career offender—and not the

3

amount of cocaine base attributable to him—guided his sentencing range in 2003. Defendant's original sentence, therefore, was not "based on" a sentencing range that Amendment 706 or Amendment 750 lowered. *See United States v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2013) ("A defendant whose sentence is based upon the career offender sentencing guideline cannot benefit from Amendment 750 because that amendment did not lower the career offender sentencing guidelines range."); *United States v. Perdue*, 572 F.3d 288, 292 (6th Cir. 2009) ("A district court may not grant a motion for a reduction in sentence premised upon Amendment 706 if the defendant seeking the reduction was originally sentenced as a career offender."). Defendant's 2020 revocation sentence, too, was not "based on" a sentencing range that the Commission lowered through either amendment. Instead, Defendant's guideline range for the revocation was calculated in part on the classification of supervised release violation that Defendant committed. *See* U.S.S.G. §§ 7B1.3(b); 7B1.4.

Further, reducing Defendant's sentence would not be consistent with the Commission's applicable policy statements. Amendments 706 and 750 would not lower Defendant's applicable guideline range in 2003 or 2020. *See* U.S.S.G. § 1B1.10(a)(2)(B); U.S.S.G. § 1B1.10 cmt. 4(A) ("[T]his section does not authorize a reduction in the term of imprisonment imposed upon a revocation of supervised release."). Because Defendant is not eligible for a sentence reduction under the first step of the Section 3582(c)(2) inquiry, the Court need not address the Section 3553(a) factors. *See Dillon*, 560 U.S. at 827.

Accordingly, the Court **DENIES** Defendant's "Motion for Sentence Reduction Pursuant to Amendment 706 & 750" [Doc. 115].

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

4